Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8703 | **DATE** | 7/25/2012 |
| **CASE TITLE** | Myers vs. General Motors Corp et al | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [16] is granted. Because the Court lacks subject-matter jurisdiction, the case is remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. 1447(c). All pending dates and deadlines are stricken. The Clerk's Office is directed to remand this case to the Circuit Court of Cook County, Illinois.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Before the Court is Defendants' Motion to Dismiss. (R. 16.) For the following reasons, the Court grants the motion, and remands this action to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c).

### A.   Factual Allegations in the Complaint

On or about August 23, 2002, Plaintiff Alexceon Myers and General Motors Corporation settled a state personal injury lawsuit by entering into a Structure Settlement Agreement that provided Plaintiff with certain periodic lump sum payments. (R. 1, Ex. 1, Compl. ¶¶ 9, 12 (quoting Structured Settlement Agreement ¶ 4.2).) General Motors "assigned its liability to make these payments" to Defendant MassMutual Assignment Company ("MassMutual Assignment"), which in turn funded its obligation by purchasing an annuity from Defendant Massachusetts Mutual Life Insurance Company ("MassMutual Life"). (*Id.* ¶¶ 11, 13.) The agreement between General Motors and MassMutual Assignment, referred to as the "MassMutual Qualified Assignment," contains a clause that governs "[a]ny assignemnt or change of Owner." (*Id.* ¶ 14(a).)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Between October 15, 2007 and October 25, 2009, Plaintiff entered into twelve separate contracts with Settlement Funding LLC, a non-party to this litigation. In each of these contracts, Plaintiff assigned to Settlement Funding LLC a certain "portion of the structured settlement payments to be made under the MassMutual Qualified Assignment" in return for certain lump sum payments. (*Id.* ¶¶ 18-53 (describing twelve agreements).) Defendants never gave "written approval prior to any assignments." (*Id.* ¶ 16.) Upon petitions filed by Settlement Funding LLC, the Circuit Court of Sangamon County, Illinois approved each of these assignments pursuant to the Illinois Structured Settlement Protection Act ("SSPA"), 215 ILCS 153 et. seq.[1] (*See* Compl. ¶¶ 19, 22, 23, 25, 26, 28, 29, 31, 32, 34, 35, 37, 38, 40, 41, 43, 44, 46, 47, 49, 53.) As of October 28, 2011, Defendants have paid "[a]ll assignments of periodic payments" to Settlement Funding LLC. (*Id.* ¶ 54.)

### B. Procedural Background

On October 28, 2011, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, against Defendants MassMutual Assignment, MassMutual Life, and General Motors.[2] In Count I, Plaintiff seeks a declaration that his assignments to Settlement Funding LLC are void under the Illinois Structured Settlement Protection Act and for lack of prior approval from Defendants. (Compl. ¶ 61.) Count II asserts a claim for breach of contract against Defendants, alleging that Defendants breached an anti-assignment clause by sending payments to Settlement Funding LLC pursuant to the twelve assignments that the state court approved.

On December 19, 2011, Defendants removed the action to this Court on the basis of diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1332(a), 1441, 1446. On January 11, 2012, Defendants filed the present motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6), and for failure to join a necessary party pursuant to Rule 12(b)(7). (R. 16.) The parties have since filed supplemental briefs on

---

[1]For purposes of background, the SSPA contains the following provisions, among others:

> No annuity issuer or structured settlement obligor may make payments on a structured settlement to anyone other than the payee or beneficiary of the payee without prior approval of the circuit court or responsible administrative authority. No payee or beneficiary of a payee of a structured settlement may assign in any manner the structured settlement payment rights without the prior approval of the circuit court or responsible administrative authority. [*See* 215 ILCS 153/25(a)]

> An application under this Act for approval of a transfer of structured settlement payment rights shall be made by the transferee and shall be brought in the circuit court of the county in which an action was or could have been maintained or before any responsible administrative authority that approved the structured settlement agreement. [*See* 215 ILCS 153/25(b)]

> Compliance with the requirements set forth in Section 10 of this Act and fulfillment of the conditions set forth in Section 15 of this Act shall be solely the responsibility of the transferee in any transfer of structured settlement payment rights, and neither the structured settlement obligor nor the annuity issuer shall bear any responsibility for, or any liability arising from, non-compliance with those requirements or failure to fulfill those conditions. [*See* 215 ILCS 153/30(f)]

[2]General Motors has not appeared in this Court, and the Court will collectively refer to MassMutual Assignment and MassMutual Life as "Defendants" or "MassMutual."

the issue of abstention. (R. 23, Minute Order.)

**C.    Analysis**

Defendants move to dismiss in part on the basis that the *Rooker-Feldman* doctrine deprives the Court of subject-matter jurisdiction over Plaintiff's claims. (R. 24, at 5); *accord Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). *Rooker-Feldman* is a species of abstention, which is "a series of doctrines by which a federal court may decline to exercise equitable jurisdiction over matters within its statutory subject matter jurisdiction." *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1986).

The *Rooker-Feldman* doctrine of abstention "bars federal review of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" *Lewis-Kenny-Reed v. Makowiecki*, 448 Fed. App'x 613 (7th Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 161 L. Ed. 2d 454 (2005)). The doctrine "bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). As the Seventh Circuit has explained:

> *Rooker-Feldman* bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision. In this latter instance, *Rooker-Feldman* will act as a jurisdictional bar if those claims are "inextricably intertwined" with a state court judgment.

*Brown v. Bowman*, 668 F.3d 437, 443 (7th Cir. 2012); *see also Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) ("The *Rooker-Feldman* doctrine is jurisdictional in nature.").

Here, *Rooker-Feldman* deprives the Court of subject-matter jurisdiction over Plaintiff's claims because, in essence, Plaintiff is asking the Court to nullify the twelve state court orders that approved Plaintiff's assignments to Settlement Funding LLC. The state circuit court approved each of the assignments pursuant to the SSPA, 215 ILCS 153/25, and each such approval expressly released Defendants from any liability arising out of the assignments. (*See* R.15, Ex. 5, Agreed Final Order, *In re Petition for Approval of Transfer of Structured Settlement Payment Rights Between Settlement Funding LLC and Alexecon D. Myers*, No. 07 CH 867 (Ill. Cir. Ct. Oct. 26, 2007), at ¶ 10 ("Settlement Funding and Mr. Myers . . . hereby remise, release and forever discharge MassMutual . . . of and from any and all manner of actions and causes of action, . . . damages, claims, and demands whatsoever . . . in connection with, related to, or arising out of out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of, the Purchase Agreement, the Servicing Agreement, the Assigned Payments, the Proposed Transfer . . . ."); *accord* Exs. 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27.) Plaintiff now seeks to upset the state orders in both respects.[3] His claims in essence ask the Court (1) to void

---

[3]Plaintiff appears to be additionally pursuing an independent action in state court that seeks to vacate or reverse the state court's approval of the assignments. (Def.'s Rep. at 1 (*citing In re Petition for Approval of Transfer Structured Settlement Payment Rights Between Settlement Funding and Alexceon Myers*, No. 07 CH 1016 (Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois).)

the assignments on the basis that the state court lacked "jurisdiction under the SSPA"[4] and (2) to impose liability on Defendants for complying with the state court orders, even though the orders expressly released Defendants of any such liability. (*See* Compl.¶¶ 57-61, 68-69; *see also id.* ¶¶ 20, 23, 26, 29, 32, 35, 38, 41, 44, 47, 50, 53.)

Despite Plaintiff's contention that the "complaint seeks relief on a completely different and independent basis" than the state court judgments (R. 25 at 3), the allegations in and substance of the Complaint plainly invite this Court to effectively overturn the twelve judgments of the state courts. Indeed, in Count I, Plaintiff asks the Court to declare as void the state-approved assignments and compel MassMutual to continue payments to Plaintiff, despite the state court order requiring Defendants to send the payments to Settlement Funding LLC and releasing them from all obligations to Plaintiff. (*See* Compl. ¶ 60; R.15, Exs. 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27.) Even as to the breach of contract claim in Count II, awarding monetary damages on this claim would effectively allow Plaintiff to "circumvent the decisions of the state court by seeking damages" from Defendants despite the state courts' broad release of Defendants from any and all obligations to Plaintiff arising out of the transfers. *Cf. Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001) (citing *Maple Lanes, Inc. v. Mel Messe,* 186 F.3d 823, 826 (7th Cir. 1999) ("[I]f a federal court were to award the relief Maple Lanes seeks in the form of monetary damages equal to the value of the liquor license, this result would effectively reverse the state court judgment upholding the revocation of the liquor license.")). Although couched as an independent common-law claim, entertaining Count II in essence invites the Court to ignore, and effectively overrule, the state court orders. All of Plaintiff's alleged injuries arise out of and are directly related to the state court judgments. *Cf. Lawrence v. Interstate Brands*, 278 Fed. App'x 681, 684 (7th Cir. 2008) ("the *Rooker-Feldman* doctrine bars these claims because the injuries [Plaintiff] alleges stem directly from state-court judgments"); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (holding that a complaint based on an injury that would not have happened "but-for" a state court judgment is "essentially seeking a federal district court appellate review of a state judicial proceeding; their claims against Defendants are inextricably intertwined with the merits of that proceeding").

"Abstention rarely should be invoked, because the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S. Ct. 2206, 2221, 119 L. Ed. 2d 468 (1992) (internal citation and quotation marks omitted). This case presents one of those rare cases where abstention is appropriate. For all of the reasons discussed above, the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

### D. Conclusion

Because the Court lacks subject-matter jurisdiction over Plaintiff's claims, the action is remanded to the Circuit Court of Cook County, Illinois.[5] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Abbas v. RBS Citizens Nat'l*

---

[4]*Cf. Schmitt v. Schmitt*, 324 F.3d 484, 488 (7th Cir. 2003) (stating that "the Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene" and find to the contrary, where the injury" which the federal plaintiff alleges resulted from the state court judgment itself").

[5]In light of this disposition, the Court need not consider whether dismissal is appropriate under Rules 12(b)(6) and (b)(7). *See Abbas*, 2012 WL 1932690, at *2 (observing that a federal court should first address the issue of subject-matter jurisdiction, and then only reach the merits of the dispute if the court has jurisdiction to do so) (citing *Crawford*, 647 F.3d at 645 ("We will take up the [] jurisdictional issue first to demonstrate that this case is properly before us."); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004)).

*Ass'n*, No. 11 C 8379, 2012 WL 1932690, at *5 (N.D. Ill. May 29, 2012) ("when a case is filed in state court and removed to federal court, and when the federal court finds that it lacks subject matter jurisdiction, the appropriate disposition (with narrow exceptions not pertinent here) is a remand to state court, not a dismissal") (citing *Dempsey v. JP Morgan Chase Bank, N.A.*, 272 Fed. App'x 499, 502 (7th Cir. 2008) (holding that district court lacked subject-matter jurisdiction under *Rooker-Feldman*, and instructing the district court to remand the action, which was removed from state court, back to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c)).)